UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEANETTE SHIRE**,

    Plaintiff,

vs.

Case No.: 11-15544

**DELL INC.**, a Delaware Corporation,
**RON TOZZIE,** an Individual, and
**BOY SCOUTS OF AMERICA,** a Foreign
Nonprofit Corporation, jointly and severally.

    Defendants.

---

**GASIOREK, MORGAN, GRECO & McCAULEY, P.C.**
BY:   DONALD J. GASIOREK (P24987)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, by her attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., and for her Complaint against Defendants, states as follows:

### PARTIES

1. Plaintiff, Jeanette Shire ("Shire"), is an individual residing in Clarkston, Oakland County, Michigan.

2. Defendant, Dell Inc. ("Dell"), is a Delaware corporation, has registered agents in Wilmington, New Castle County, Delaware and Austin, Travis County, Texas,

and a principal place of business in Round Rock, Williamson County, Texas. Dell, however, at all times, conducts regular, continuous, and systematic business activities in Oakland County, Michigan.

3.     Defendant, Boy Scouts of America ("Boy Scouts"), is upon information and belief, a nonprofit corporation chartered by Congress and domiciled in the District of Columbia. At all relevant times, the Boy Scouts has a resident agent and registered office located in Irving, Dallas County, Texas; however, the Boy Scouts has conducted regular, continuous, and systematic business activities in Oakland County, Michigan.

4.     Defendant, Ron Tozzie ("Tozzie"), is an individual and the Chief Information Officer of the Boy Scouts, and, at all relevant times, conducts regular, continuous and systematic business activities Irving, Dallas County, Texas.

## JURISDICTION AND VENUE

5.     The amount in controversy in this civil action is in excess of Seventy-Five Thousand ($75,000.00) Dollars, and is otherwise within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§1331 and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## COMMON ALLEGATIONS

7.     Shire commenced employment with Dell on or about June 21, 2010.

8.     At the time of Shire's hire and at various times throughout the course of her employment, Dell promulgated and distributed written personnel policies to its employees, including Shire.

9. Specifically, Dell distributed to Shire a "Global Ethics & Compliance" policy which set forth and incorporated "Dell's Global No Retaliation Policy".

10. Dell's "Global No Retaliation Policy" provides:

> Under no circumstances will an employee who in good faith reports alleged Inappropriate Conduct, or who cooperates in an investigation of any such report, be subjected to any form of reprisal or retaliation due to making a report or cooperating in the investigation.
>
> ***
>
> (E)mployees who make good-faith reports (reports that he/she reasonably believes to be true) under this policy will not be subject to discipline even if the allegations are not ultimately substantiated through investigation.

(A copy of Dell's "Global No Retaliation Policy" is in its possession.)

11. Dell's "Global No Retaliation Policy" can be reasonably interpreted as expressing a promise that Dell would not discipline, terminate, or retaliate against an employee who in good faith reported inappropriate conduct or a violation, or suspected violation, of law.

12. Dell's "Global No Retaliation Policy" can also be reasonably interpreted as expressing a promise that Dell would not discipline or terminate an employee who made a good faith report (a report that the employee reasonably believed to be true at the time) of alleged inappropriate or illegal activity even if the activity was unsubstantiated or found not to violate a law.

13. Dell's "Global No Retaliation Policy" creates for employees, including Shire, a reasonable expectation that Dell would not discipline, terminate, or retaliate against employees who, in good faith, reported inappropriate conduct and/or a violation, or suspected violation, of law.

3

14. Shire's duties and responsibilities included working with clients and management to develop and implement business solutions, software processes, and/or project management paperwork.

15. Shire, at all times, was a valued employee of Dell and performed all the terms and conditions of her employment in a satisfactory manner.

16. Beginning in March 2011, Shire began noting a number of incidents in which Dell showed questionable ethics in regards to copyright infringement.

17. On or about March 15, 2011, Dell instructed Shire to review Oracle Enterprise's ("Oracle") business process models or maps, to copy them, and to distribute and make them the same process for Dell's client, the Boy Scouts.

18. Oracle was a competitor of Dell's.

19. Oracle's Business Process Model or Maps contained the following copyright language:

> This software and related documentation are provided under a license agreement containing restrictions on use and disclosure and are protected by intellectual property laws. Except as expressly permitted in your license agreement or allowed by law, you may not use, copy, reproduce, translate, broadcast, modify, license, transmit, distribute, exhibit, perform, publish or display any part, in any form, or by any means. Reverse engineering, disassembly, or decompilation of this software, unless required by law for interoperability, is prohibited.

20. Shire, at all times, had a good faith and reasonable belief that the required acts (duplicating a direct competitor's copyrighted work product and integrating it for a client's use) might be illegal, and Shire tried to find out whether the acts were, in fact, illegal prior to deciding what course of action to take.

21. Shire feared that the reproduction of the copyrighted material (if not authorized) could have led Shire and/or Dell to legal or criminal liability and/or possible legal sanctions.

22. Shire communicated her concerns and complaints to her superiors and to employees of Dell's legal department about suspected inappropriate conduct and/or the possibility that Dell was violating the law.

23. When Shire inquired into the matter, she was met with opposition, strengthening her good faith belief that the requested acts may have been illegal.

24. Specifically, on March 19, 2011, Shire received an email from Defendant Tozzie (Dell's former Senior Director and Defendant Boy Scouts' current Chief Information Officer) stating:

    a. "If Oracle has a problem, they can call me".

    b. "I do not need a Dell employee to read a copyright agreement to me".

    c. "No Dell employee will tell me what processes we are using."

    d. The lack of real empathy and prep is why three of the original Dell party got relieved in the first week back in October."

(A copy of this email is in Defendants' possession.)

25. Afterward, Dell removed Shire from the Boys Scouts' project.

26. Upon information and belief, Tozzie, acting individually and on behalf of the Boy Scouts, requested Shire's removal from the project.

27. Tozzie, acting individually and on behalf of the Boy Scouts, knew that Shire's removal from the project meant her employment would be terminated.

28. Shire then complained and reported the inappropriate conduct using Dell's Workplace Alert Program on Dell's website and was assigned report number Dell-11-03-0043 with a follow-up date of April 4, 2011.

29. An employee and attorney of Dell's legal department promised and assured Shire of Dell's non-retaliation policy and/or promised and assured that Shire would not be retaliated against or disciplined for reporting inappropriate conduct.

30. The reasonable expectation that Dell could not retaliate or discipline Shire for her good faith reports of inappropriate conduct was thus supported and/or confirmed by Dell's legal representatives and employees.

31. Dell, however, after removing Shire from the Boy Scouts project, gave Shire no new significant work or assignments.

32. On August 24, 2011, Dell terminated Shire without justification.

33. Dell terminated Shire at Tozzie and/or the Boy Scouts' behest and/or because of her complaints or reports of inappropriate conduct or violations, or suspected violations, of law.

34. It appears that reinstatement is impossible or impracticable. However, Shire will consider accepting reinstatement to employment with Dell if ordered by the Court.

### COUNT I:
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY - MICHIGAN

35. Shire incorporates each and every paragraph of this Complaint.

36. It is Michigan's public policy to promote adherence to federal and state statutes and regulations, and it is in the best interest of the State and its citizens to protect and promote compliance with legal authority.

37. It is Michigan's public policy to allow employees to perform their job duties in accordance with federal and state law without fear of retaliation.

38. It is Michigan's public policy to allow employees to express opinions, concerns and complaints to appropriate management and other authorities as to violations, or suspected violations, of federal and state law which they become aware of in the course of performing their job and/or that they are asked to ignore, participate in, or otherwise permit to continue.

39. It is a violation of law for a person to violate any of the exclusive rights of a copyright owner.

40. Shire's repeated and continuing expressions of concern and complaint to Dell's management, agents, and/or employees regarding Dell's reproduction of copyrighted material (if not authorized) were consistent with promoting Michigan's public policies.

41. Dell terminated Shire, in whole or in part, for refusing or failing to violate the public policy of the State of Michigan and for reporting the actions of Dell's employees to Dell's management, legal department, and others.

42. Dell's retaliatory actions against Shire as set forth in the Common Allegations of this Complaint, including but not limited to her termination, violated Michigan's public policy.

43. As a direct and proximate result of Dell's violations of public policy, Shire suffered damages, including but not limited to, loss of past and future income and employee benefits, physical injuries, shock, mental anguish and emotional distress, and loss of professional and personal reputation.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment in her favor and against Defendants, jointly and severally, for an amount consistent with the evidence, together with the costs of this litigation, interest, and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

### COUNT II:
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY - TEXAS

44. Shire incorporates each and every paragraph of this Complaint.

45. It is against public policy in the State of Texas to discharge an employee for refusing to perform an illegal act.

46. It is further against public policy in the State of Texas to discharge an employee who in good faith attempts to find out if an act is illegal and/or for inquiring into whether or not the employee or his/her employer are committing illegal acts.

47. Shire, at all times, suspected that the reproduction of copyrighted material (if not authorized) was illegal.

48. Shire, in good faith, contacted Dell's management and legal representatives and attempted to try to find out whether or not the reproduction of copyrighted material was, in fact, illegal prior to deciding what course of action take.

49. Dell retaliated against and wrongfully terminated Shire on August 24, 2011 in violation of Texas' established public policy.

50. As a direct and proximate result of Dell's violations of public policy, Shire suffered damages, including but not limited to, loss of past and future income and employee benefits, physical injuries, shock, mental anguish and emotional distress, and loss of professional and personal reputation.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment in her favor and against Defendants, jointly and severally, for an amount consistent with the evidence, together with the costs of this litigation, interest and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

## COUNT III:
## BREACH OF CONTRACT

51. Shire incorporates each and every paragraph of this Complaint.

52. At all relevant times, Shire was employed by Dell pursuant to a contract of employment that was implied in law, and was the result of Shire's legitimate expectations grounded in Dell's published personnel policies, specifically, its "Global No Retaliation Policy".

53. Shire's employment contract with Dell provided that Dell would not subject Shire to any form of reprisal or retaliation due to making a good faith report of inappropriate conduct and/or a suspected violation of law.

54. Shire's employment contract with Dell also provided that Shire would not be subject to disciplinary action, including termination, for making a good faith report (a report that Shire reasonably believed to be true) even if the allegations of inappropriate conduct were not ultimately substantiated or found not to violate a law.

55. Dell breached Shire's employment contract by:

   a. Retaliating against Shire for making good faith reports of alleged inappropriate conduct;

   b. Removing Shire from the Boy Scouts' project for making a good faith report of alleged inappropriate conduct.

      c.     Failing and refusing to give Shire new or significant work or assignments for making good faith reports of alleged inappropriate conduct.

      d.     Subjecting Shire to disciplinary action by terminating her employment for making good faith reports of alleged inappropriate conduct.

56. As a direct and proximate result of such breach of contract by Dell, Shire suffered damages, including but not limited to, loss of past and future income and employee benefits.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment in her favor and against Defendants, jointly and severally, for an amount consistent with the evidence, together with the costs of this litigation, interest, and reasonable attorney fees.

### DEMAND FOR TRIAL BY JURY IS HEREBY MADE

### COUNT IV:
### INTENTIONAL INTERFERENCE WITH A VALID
### BUSINESS EXPECTANCY AND CONTRACT

60. Shire incorporates each and every paragraph of this Complaint.

61. Prior to Dell's termination of Shire's employment, Shire had a valid business expectancy of continued employment with Dell.

62. Shire, at all times, also had a contract of employment with Dell that she would not be retaliated against, disciplined, or terminated because of her good faith reports of alleged inappropriate conduct, violations of law, and/or suspected violations of law.

63. Such business expectancy and/or contract had a reasonable likelihood of future economic benefit for Shire.

64. Defendants, Tozzie and the Boy Scouts, knew of the business expectancy and the employment contract between Shire and Dell.

65. Tozzie and the Boy Scouts intentionally, improperly, and in bad faith, interfered with the business relationship and expectancy and employment contract between Shire and Dell.

66. Tozzie and Boy Scouts' conduct as described in the Common Allegations of this Complaint were intended to, and did, interfere with Shire's business relationship and expectancy and employment contract, and caused Dell to do the following:

    a. To remove Shire from the Boy Scouts' project for making good faith reports of alleged inappropriate conduct,

    b. To refuse to give Shire new or significant work or assignments for making good faith reports of alleged inappropriate conduct,

    c. To subject Shire to disciplinary action by terminating her employment for making good faith reports of alleged inappropriate conduct.

67. As a direct and proximate result of Tozzie and the Boy Scouts' intentional interference of Shire's valid business expectancy and contract, Shire suffered damages, including but not limited to, loss of past and future income and employee benefits, physical injuries, shock, mental anguish and emotional distress, and loss of professional and personal reputation.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment in her favor and against Defendants, jointly and severally, for an amount consistent with the evidence, together with the costs of this litigation, interest and reasonable attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

                    Respectfully submitted,

                    <u>s/Donald J. Gasiorek</u>
                    Donald J. Gasiorek (P-24987)
                    GASIOREK, MORGAN, GRECO & McCAULEY, P.C.
                    Attorneys for Plaintiff
                    30500 Northwestern Highway, Suite 425
                    Farmington Hills, Michigan 48334
                    (248) 865-0001
                    dgasiorek@gmgmlaw.com

Dated: December 19, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEANETTE SHIRE**,

       Plaintiff,

Case No.: 11-

vs.

**DELL INC.,** a Delaware Corporation,
**RON TOZZIE,** an Individual, and
**BOY SCOUTS OF AMERICA,** a Foreign
Nonprofit Corporation, jointly and severally.

       Defendants.
_____

**GASIOREK, MORGAN, GRECO & McCAULEY, P.C.**
BY:    DONALD J. GASIOREK (P24987)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001
dgasiorek@gmgmlaw.com

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

    Plaintiff, by her attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., demands a trial by jury in this cause.

                                  s/Donald J. Gasiorek
                                  Donald J. Gasiorek (P-24987)
                                  GASIOREK, MORGAN, GRECO &
                                        McCAULEY, P.C.
                                  Attorneys for Plaintiff
                                  30500 Northwestern Highway, Suite 425
                                  Farmington Hills, Michigan  48334
                                  (248) 865-0001
                                  dgasiorek@gmgmlaw.com

Dated: December 19, 2011